# CHARLESTON.

VERLAND GRACE *et al. v.* J. M. SMITH *et als.*

(No. 6305)

Submitted February 5, 1929.   Decided February 19, 1929.

*Wade H. Bronson,* for plaintiff in error.
*McKinley Trent, S. C. Whitt* and *C. M. Whitt,* for defendants in error.

LITZ, JUDGE:

The plaintiffs, Verland Grace and Verdie Arthur, obtained a verdict and judgment for $610.00 against the defendants, J. M. Smith and Laura Smith, his wife, G. D. Poole and Dora Poole, his wife, in an action for breach of covenant of title to real estate.

Block 10 of the Lawson Addition to the city of Williamson as originally platted by Claude I. Gaujot, civil engineer, comprised eight fifty foot lots, numbered from 1 to 8, inclusive. Later the Pond Creek Investment Company, owner of Lots 2, 3, 4, 5, 6, 7 and 8, sub-divided the entire block into ten forty foot lots, numbered from 1 to 10, inclusive, according to a map prepared by W. M. Manakee, civil engineer.   By deed

dated June 1, 1919, the Pond Creek Investment Company conveyed to the defendants, J. M. Smith and G. D. Poole, lots 2, 3, 4, 5, 8, 9 and 10, according to the Manakee map. As lot 2 on the Manakee map overlaps lot 1 of the Gaujot plan to the extent of ten feet, this conveyance invested the grantees with title to only thirty feet frontage of lot 2 therein granted. By deed dated July 7, 1914, the defendant conveyed to Asa Jones lot 2, according to the Manakee map. By deed dated December 12, 1919, Asa Jones and wife conveyed to Irving T. Jones lot 2, as shown on the Manakee map. By deed dated September 27, 1920, Irving T. Jones conveyed to Lurlie West lot 2, according to the Manakee map. By deed dated January 7, 1921, Lurlie West and Earl West, her husband, conveyed to the defendants J. M. Smith and J. D. Poole: "All that certain lot, piece or parcel of real estate situate in the Lawson Addition, designated upon the official map of the said Lawson addition made by Claude L. Gaujot, surveyor, a copy of which is of record in the office of the clerk of the county court of Mingo county, West Virginia, as Lot Number Two (2) in Block Number Ten (10) which is the same real estate conveyed said Lurlie West by Irvin T. Jones, by deed dated the 27th day of September, 1920, and recorded in said clerks office in deed book No. 41, at page 565." By deed dated September 30, 1920, the defendants conveyed to G. L. Hopkins thirty feet frontage of lot No. 3, adjoining lot No. 4, according to the Manakee plan; the remaining ten feet frontage of lot 3, being retained by the grantors to be added to lot 2 in lieu of the ten feet frontage thereof covered by lot 1 of the Gaujot plan. By deed dated April 5, 1921, the defendants conveyed to the plaintiffs "All that certain lot, piece or parcel of real estate situate in the Lawson Addition to the City of Williamson in the City of Williamson, Mingo County, West Virginia, shown and designated upon the official map of said addition made by Claude L. Gaujot, surveyor, a copy of which is of record in the office of the clerk of the county court of Mingo County, West Virginia, as Lot Number Two (2) in Block Number Ten (10), which is the same real estate conveyed unto the male grantors herein, by deed bearing date the 27th day of January, 1921, and executed by Lurlie West,

*et vir,* which said deed is recorded in Deed Book No. 42, at page 218.''

Relying on the face of the deed (as conveying lot 2 according to the Gaujot map) and alleged representations by the defendant, J. M. Smith, to the plaintiff, Verland Grace, at the time of the sale and purchase that the frontage of the lot in question was fifty feet, the plaintiffs seek to recover on the basis of a sale and conveyance to them by the defendants of a fifty foot lot. Grace, accompanied by Smith, inspected the property at the time of the sale and purchase. It had on it then a six-room residence building. There was also a residence on lot 1, according to the Gaujot map, and a stone or concrete wall extending along its entire frontage. There was also a residence on that portion of lot 3, owned by G. L. Hopkins, covering almost the entire frontage of the strip of land in controversy, so that the land between the wall and residence on lot No. 1 of the Gaujot plan, and the residence of G. L. Hopkins on the portion of lot 3 (according to the Manakee map) owned by him has a frontage of only about forty-one feet. This could have been the only land the plaintiff Grace thought he was buying, as appears from his statement that he supposed at the time he inspected the property the land between the wall and the residence on lot 1 (according to the Gaujot map) and the residence on the portion of lot 3, of the Manakee plan, owned by G. L. Hopkins, was fifty feet wide. The defendant Smith not only denies the alleged representations, but on the contrary, says he told Grace that the lot in question was only forty feet wide.

The court refused all instructions requested by the defendants and on his own initiative told the jury that if the defendant Smith ''did not tell the *plaintiff* and the *plaintiff* did not know, that the land he was selling him was only forty feet in width, then the jury will find for the plaintiffs;'' but if Smith ''went on the premises and showed the lot to the *plaintiff,* told the *plaintiff* that he was selling him only a lot forty feet in width, or if the *plaintiff* knew from other information that he was buying a lot only forty feet in width, then the jury will find for the defendants.''

The instructions requested by the defendants, in addition to a peremptory charge, would have told the jury, in sub-

stance, that they might consider all of the facts and circumstances in evidence bearing upon the controversy including the title papers of the plaintiffs. In view of the virtually admitted fact that the plaintiff Grace understood that the land he was purchasing did not include any of the improvements on the adjoining lots, and other circumstances in the evidence tending to disprove his claim that Smith represented to him the property was fifty feet in width, the instructions requested by the defendants (excepting the peremptory charge), rather than those prepared by the court should have been granted. *Malcolm* v. *Talley*, 89 W. Va. 531. The court's instructions are too narrow in their application to the evidence.

For this reason, the judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed; new trial awarded.*